IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| MARK TATUM AND LOREE TATUM | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-cv-00726 |
| | § | |
| NATIONWIDE MUTUAL | § | |
| INSURANCE COMPANY | § | |
| *Defendant.* | § | |

**NOTICE OF REMOVAL**

Defendant Nationwide Mutual Insurance Company ("Defendant"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the lawsuit captioned *Mark Tatum and Loree Tatum v. Nationwide Mutual Insurance Company*; Cause No. 230-24; in the 115th Judicial District of Upshur County, Texas.

## I. BACKGROUND

1. Plaintiffs Mark Tatum and Loree Tatum ("Plaintiffs") initiated the present action by filing their Original Petition in Cause No. 230-24; in the 115th Judicial District of Upshur County, Texas on May 8, 2024 (the "State Court Action"). *See* Plaintiffs' Original Petition, attached as **Exhibit A**.

2. Defendant appeared in and answered the State Court Action on September 6, 2024, asserting a general denial to the claims and allegations set forth in Plaintiffs' Original Petition. *See* Defendant's Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendant in the State Court Action are incorporated in **Exhibit A**. Pursuant to Local Rule

81(c)(2), a full copy of the state court file has been requested and will be filed upon receipt and the State Court Action docket sheet is attached as **Exhibit C.**

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiffs through their attorney of record, and to the Clerk of the 115th Judicial District of Upshur County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within thirty (30) days of service on Defendant of Plaintiffs' Original Petition and less than one (1) year after the commencement of this action.

## II. JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441 because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A. Diversity of Parties

7. Plaintiffs are individuals domiciled in Upshur County, Texas. ***See*** **Exhibit A**, Plaintiffs' Original Petition with Citation, at ¶ 2. Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiffs are citizens of the State of Texas.

8. Defendant Nationwide Mutual Insurance Company is a corporation organized under the laws of Ohio and maintains its principal place of business in Ohio. Therefore, Nationwide is a citizen of the State of Ohio pursuant to 28 U.S.C. § 1332(c)(1).

9. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B. Amount in Controversy**

10. Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2); *see also Metz v. Amguard Ins. Co.*, No. 1:21-CV-74, 2021 U.S. Dist. LEXIS 252508, at *4 (E.D. Tex. Aug. 4, 2021). Removal is proper if it is "facially apparent" from the complaint that the claims asserted exceed the jurisdictional amount. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Furthermore, penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also Greenberg,* 134 F.3d at 1253. If the amount in controversy is not readily apparent, the Court may rely on "summary judgment-type" evidence to ascertain the amount in controversy. *See Texar Fed. Cred. Union v. Wells Fargo Bank, N.A.*, No. 5:23-CV-56-RWS-JBB, 2023 U.S. Dist. LEXIS 212353, at *9 (E.D. Tex. Nov. 8, 2023) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

11. Here, Plaintiffs' Original Petition seeks "monetary relief of $250,000.00 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs." **Exhibit A**, at ¶ 4. However, Plaintiffs' pre-suit demand letter demanded $176,392.89 if suit was filed. *See* **Exhibit D**, Plaintiffs' November 15, 2023 Demand Letter, at p. 4. Based on this evidence alone, the amount in controversy is satisfied. *See Greenberg*, 134 F.3d at 1253.

12. In addition, in this case, Plaintiffs seek "treble damages", or three times the amount of actual damages under Chapter 541 of the Texas Insurance Code, for Defendant's

alleged knowing violations of the Code.[1] *See* **Exhibit A,** at ¶ 55**.** Thus, even considering the amount of damages to the property alleged by Plaintiffs ($57,797.63) less the deductible set forth in Plaintiffs' presuit demand letter ($2,381), this amount, when trebled, exceeds $75,000 and establishes the amount in controversy requirement for diversity jurisdiction. *See e.g.*, *Martinez v. Allstate Tex. Lloyd's*, No. EP-16-CV-337-DCG, 2016 U.S. Dist. LEXIS 162408, at *16-17 (W.D. Tex. Nov. 22, 2016); *Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 U.S. Dist. LEXIS 59599, at *14-15 (S.D. Tex. June 16, 2010) (denying Plaintiff's motion to remand when the trebling of Plaintiff's alleged actual damages exceeded $75,000).

13. As such, the allegations in Plaintiffs' pre-suit demand letter coupled with the types of damages sought in their Original Petition make clear that the threshold for diversity jurisdiction, $75,000, is established. The amount in controversy requirement of 28 U.S.C. § 1332(b) is therefore satisfied and jurisdiction is proper in this Court.

## III. CONCLUSION

14. Removal of this action under 28 U.S.C. § 1441 is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15. WHEREFORE, Defendant Nationwide Mutual Insurance Company hereby provides notice that this action is duly removed.

*Signature on following page.*

[1] TEX. INS. CODE ANN. § 541.152(b) (providing for treble damages if the trier of fact finds that the defendant's violations were committed knowingly).

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Ave., Ste. 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 – Facsimile

**ATTORNEYS FOR DEFENDANT NATIONWIDE MUTUAL INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been served electronically via CM/ECF and Certified Mail this the 6th day of September, 2024 to:

David M. Buergler — ***#9414 7266 9904 2224 3293 82***
Shaun W. Hodge
The Hodge Law Firm, PLLC
1301 Market St.
Galveston, Texas 77550
dbuergler@hodgefirm.com
shodge@hodgefirm.com

*/s/ Patrick M. Kemp*
Patrick M. Kemp